[Cite as *Akron v. Irvin*, 2024-Ohio-4562.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | C.A. No. 30841 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY IRVIN | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 23-CR-02439 |

DECISION AND JOURNAL ENTRY

Dated: September 18, 2024

HENSAL, Judge.

{¶1} Anthony Irvin appeals his conviction for criminal damaging by the Akron Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} A.S. testified that she and Mr. Irvin were out at a bar together then drove to her home after picking up her daughter. After arriving home, A.S. and Mr. Irvin argued, and Mr. Irvin poked A.S. in her eye. A.S. left with her daughter to go to her mother's house, where she called the police. When officers arrived at A.S.'s house, they saw numerous household items on the front lawn and Mr. Irvin in the process of hauling a mattress out the front door. Some of the items in the yard were broken, and officers also noticed a broken window. When asked about the window, Mr. Irvin told officers that he was moving out and that, if a window had broken in the process, he would pay for it. After confirming with A.S. that there were no broken windows or items in her yard when she left her house, an officer arrested Mr. Irvin for criminal damaging. A jury found

him guilty of the offense, and the municipal court sentenced him to 90 days in jail, which it suspended. Mr. Irvin has appealed, assigning as error that the trial court incorrectly denied his motion for judgment of acquittal.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING MR. IRVIN'S MOTION FOR A JUDGMENT OF ACQUITTAL, VIOLATING CRIMINAL RULE OF PROCEDURE 29, AS THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE MR. IRVIN COMMITTED CRIMINAL DAMAGING.

{¶3} Mr. Irvin argues that the municipal court should have granted his motion for judgment of acquittal under Criminal Rule 29 because there was insufficient evidence that he knowingly damaged A.S.'s property. Under Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction . . . ." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶4} Akron City Code 131.06(A)(1) provides that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without h[er] consent . . . [k]nowingly, by any means . . . ." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person

has knowledge of circumstances when he is aware that the circumstances probably exist." Akron City Code 130.08(B).

{¶5} Mr. Irvin notes that no one saw him break any windows of A.S.'s house, no one testified that they knew how any windows broke, and he never told anyone that he broke any windows. Even if he did break a window, Mr. Irvin argues that there was no evidence that he did so knowingly or that he knowingly created a substantial risk that one would break.

{¶6} A.S. testified that Mr. Irvin was angry and poked her in the eye after they arrived at her house, causing her to leave with her daughter. A.S.'s daughter testified that Mr. Irvin was aggressive after they arrived at the house and that he got in her mother's face. When they returned to the house again later, a window had been busted open and everything from the house was out on the front lawn, including the furniture.

{¶7} An officer who responded to A.S.'s house observed that the front windows of the house were broken, and the house's contents were in the front yard. She observed Mr. Irvin actively throwing belongings out of the house. Mr. Irvin told her that he was moving and wanted help. Some of the things he had tossed in the yard, however, were not consistent with the sort of items someone would take during a move, such as a closet door. Another responding officer testified that Mr. Irvin was agitated and upset and that, in addition to the property in the front yard, there was trash thrown across the back yard. The officer said that Mr. Irvin was sweating as he pushed a large mattress out the front door and he yelled at the officers to help him.

{¶8} Although there is no direct evidence that Mr. Irvin broke the windows, A.S. testified that they were not broken when she left, and Mr. Irvin was the only one at the house until the police arrived. Direct and circumstantial evidence have the same probative value, and it can be inferred from the circumstances that Mr. Irvin broke the windows after A.S. left. *See State v.*

*Robertson*, 2024-Ohio-2848, ¶ 66. Mr. Irvin acknowledged to the officers that a window could have broken while he was moving everything out of the house.

{¶9} Regarding whether Mr. Irvin had the requisite mens rea, the Ohio Supreme Court has recognized that, "[i]n many circumstances, proving knowledge beyond a reasonable doubt can be difficult." *State v. Jordan*, 2023-Ohio-3800, ¶ 26. "Therefore, the state can prove knowledge through either direct or circumstantial evidence." *Id.* "Because the trier of fact 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of proffered testimony,' a jury may rely on circumstantial evidence to reasonably infer an offender's knowledge." *Id.*, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984); *State v, Harper*, 2000 WL 327231, *2 (9th Dist. Mar. 29, 2000) ("A defendant's state of mind may be inferred from the totality of the surrounding circumstances.").

{¶10} According to A.S., Mr. Irvin was angry after they arrived at her home and assaulted her by poking her in the eye. When officers arrived, Mr. Irvin was still agitated and demanded that the officers help him move what he claimed was his property. A.S., however, testified that she had purchased everything in her house except for a rug that Mr. Irvin had bought for her.

{¶11} The officers' body camera videos show items all over the front and back yards of the house. Lighter items appear to have been flung from the front porch while heavier ones appear to have been pushed off it, creating a mound of furniture near the front steps. Although Mr. Irvin denied punching any windows, we conclude there is sufficient circumstantial evidence from which a jury could reasonably find he knowingly caused or created a substantial risk of physical harm to them. The municipal court, therefore, did not err when it denied his motion for judgment of acquittal. Mr. Irvin's assignment of error is overruled.

III.

**{¶12}** Mr. Irvin's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ANDREW S. POLLIS, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and BRIAN D. BREMER and JACQUENETTE S. CORGAN, Assistant Directors of Law, for Appellee.